IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| QUINCETTA Y. CARGILL,<br>Reg. No. 19088-001,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>) 2:21cv240-MHT-SRW<br>)       (WO)<br>)<br>)<br>) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Quincetta Y. Cargill initiated this civil action by filing a *pro se* complaint, nominally under 42 U.S.C. §§ 1983 & 1985, naming various federal defendants and presenting allegations of kidnapping and involuntary servitude. Doc. 1. Because the allegations in Cargill's complaint were rambling and conclusory and it was impossible to decipher any specific claims against any individual defendant, the Court directed her to file an amended complaint naming as defendants the specific individuals she believed violated her constitutional rights and stating with specificity how each named defendant violated her constitutional rights. Doc. 7. Cargill has filed an amended complaint that does not comply with the Court's order, as she fails to state how each named defendant violated her constitutional rights; thus, it is again impossible to decipher specific claims against any individual defendant.[1] Doc. 8. However, it appears to the Court that Cargill's allegations

---

[1] Cargill names as Defendants (1) the United States of America; (2) the "United States District Court, Eleventh Circuit"; (3) U.S. Attorney General Merrick Garland; (4) "Assistant U.S. Attorney General Neeley"; (5) President Joseph Biden; and (6) Vice President Kamala Harris. Doc. 8 at 1, 4.

may assert a claim of malicious prosecution relating to her federal conviction in the United States District Court for the Northern District of Alabama on charges of conspiracy to commit mail and wire fraud and witness tampering. *See United States v. Cargill*, 2:17cr356-RDP-JHE (N.D. Ala. 2020).

## II. DISCUSSION

A federal-law action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction regarding such action. 28 U.S.C. § 1391(b). When venue is improper, the court may, in the interest of justice, transfer the case to a district court in which it could have been brought. 28 U.S.C. § 1406(a). And "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a).

Venue for this action is not proper in the Middle District of Alabama. The alleged matters about which Cargill complains occurred within the jurisdiction of the United States District Court for the Northern District of Alabama. The majority of material witnesses and evidence associated with any claim of malicious prosecution would be located in the Northern District of Alabama. Thus, the Court concludes that, in the interest of justice and

for the convenience of the parties, this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.[2]

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under the provisions of 28 U.S.C. § 1404.

It is further

ORDERED that by **August 16, 2021**, Cargill may file an objection to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. Cargill is advised that this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

---

[2] The Court makes no determination concerning the merits of Cargill's allegations.

DONE, on this the 30th day of July, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge